1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN PAUL KOZOL,

                                    Plaintiff,

        v.

CLINT MAY, CORYDON WHALEY,
RYAN GRAVES, KERRI McTARSNEY,
and DENNIS DAHNE,

                                    Defendants.

No. C11-5209 BHS/KLS

ORDER DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL

        This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the court is

Plaintiff's motion for the appointment of counsel.  ECF No. 5.  Having carefully reviewed

Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that

Plaintiff's motion should be denied.

**DISCUSSION**

        No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

ORDER - 1

1   circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

2   the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

3   issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

4   *Weygandt v. Look*, 718 F.3d 952, 954 (9th Cir. 1983)).   A plaintiff must plead facts that show he

5   has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

6   articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

7   1101, 1103 (9th Cir. 2004).

8

9       That a *pro se* litigant may be better served with the assistance of counsel is not the test.

10  *Rand*, 113 F.3d at 1525.   Moreover, the need for discovery does not necessarily qualify the issues

11  involved as "complex."  *Wilborn,* 789 F.2d at 1331.   Most actions require development of further

12  facts during litigation.  But, if all that was required to establish the complexity of the relevant

13  issues was a demonstration of the need for development of further facts, then practically all cases

14  would involve complex legal issues.  *Id.*

15

16      Plaintiff requests counsel because his case has merit, he has no legal training or

17  experience, the prisoner assisting him in his filings is no longer available, he has encountered

18  difficulties in obtaining responses to his requests for public records, he is being subjected to

19  continued retaliation for filing this lawsuit, cross-examination will be critical, and complex

20  factors and legal issues are beyond his capabilities.  ECF No. 5, pp. 2-3.

21

22      Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate

23  his claims *pro se*.   The pleadings on file demonstrate that Plaintiff is familiar with the Court

24  rules as well as the law pertaining to his claims.   Contrary to Plaintiff's belief, this is not a

25  complex case.  Plaintiff claims that the Defendants illegally seized his personal property in

26  violation of DOC policies and without notice and then retaliated against him by falsely infracting

ORDER - 2

him, suppressing his grievances and continuing to withhold his property when he complained about their conduct.  This case does not involve complex facts or law.

The court finds no exceptional circumstances in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants.  There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process. Moreover, despite claiming in conclusory fashion that his case has merit, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this   13th  day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3