UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN PAUL KOZOL,

                   Plaintiff,

   v.

CLINT MAY, CORYDON WHALEY,
RYAN GRAVES, KERRI McTARSNEY,
and DENNIS DAHNE,

                   Defendants.

No. C11-5209 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: September 30, 2011**

On August 16, 2011, Plaintiff filed a Motion to Dismiss Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). ECF No. 22. On August 26, 2011, Plaintiff filed an Amended Motion to Dismiss With Prejudice. ECF No. 23. Defendants filed a response requesting that the Court grant Plaintiff's amended motion to dismiss. ECF No. 24. The undersigned recommends that this action be dismissed with prejudice.

**BACKGROUND**

On March 31, 2011, Plaintiff was granted leave to proceed *in forma* pauperis and the Court directed service of his complaint. ECF Nos. 6, 7 and 8. On May 26, 2011, Defendants Dennis Dahne, Ryan Graves, Clint May, Kerri McTarsney, and Corydon Whaley filed their answer to the complaint. ECF No. 18. On May 31, 2011, the Court entered a Pretrial Scheduling Order. ECF No. 19. On August 11 and 12, 2011, Plaintiff filed motions to supplement his complaint and for release of a typewriter. ECF Nos. 20 and 21. Those motions are pending. As noted above, Plaintiff's motions to dismiss were filed on August 16, 2011 and

REPORT AND RECOMMENDATION - 1

August 26, 2011. In the latter motion, Plaintiff asks that his claims be dismissed with prejudice. ECF No. 23.

## DISCUSSION

Under Rule 41(a)(1), a plaintiff may dismiss an action without court order either by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal is signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). Rule 41(a)(2) provides, in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ. P. 41(a)(2).

Defendants have answered Plaintiff's complaint, but did not plead a counterclaim. They are not opposed to a dismissal with prejudice. Accordingly, the undersigned recommends that the Court dismiss this action with prejudice.

## CONCLUSION

The Court should dismiss this action with prejudice. Defendants' motions (ECF No. 20 and 21) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 30, 2011**, as noted in the caption.

**DATED** this   12th   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3